IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| JOHN PAUL GARMAN, | **MEMORANDUM DECISION & DISMISSAL ORDER** |
|---|---|
| Plaintiff, | |
| v. | |
| COLBY et al., | Case No. 2:16-CV-99-TS |
| Defendants. | District Judge Ted Stewart |

## BACKGROUND

- February 23, 2016     Complaint filed, alleging claims against "Salt Lake County Jail Medical Staff." (Doc. No. 6.)

- May 31, 2017     Order granting Plaintiff's motion to amend, noting "'[t]o state a claim, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."'" (Doc. No. 15, at 2 (quoting *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original)) (citation omitted).)

- September 25, 2017     Order screening Complaint and requiring amendment to cure deficiencies, noting again, "'[t]o state a claim, a complaint must "make clear exactly *who* is alleged to have done *what* to *whom*."'" (Doc. No. 19, at 2 (quoting *Stone*, slip op. at 4).) The Court warned, "If Plaintiff fails to timely cure the . . . deficiencies according to the instructions here this action will be dismissed without further notice." (*Id.* at 3.)

- November 7, 2017     Amended Complaint filed alleging inadequate medical treatment. (Doc. No. 21.) Based on documents filed, it appears the timeframe for the medical treatment was 2013-14. (Doc. Nos. 6 & 21.) Defendants were identified as follows:
  > "Colby ID#/IS# HY4 10-21-13/1/9/2014
  > Nurse/Doctor ID#/IS# QTZ 10-21-13/10/30/13
  > Nurse/Doctor ID#/IS GR2 1/22/14
  > Nurse ID#/IS# JF3 10/19/13"

  (Doc. No. 21.)

- February 9, 2018    Service of Amended Complaint ordered on defendants using the above description from Plaintiff. (Doc. No. 22.) Salt Lake County ordered to disclose information to help identify defendants by name. (Doc. No. 23.)

- March 5, 2018       Summonses returned unexecuted, marked "Clerk refused service/cannot ID employee by ID number[s] listed above." (Doc. No. 25.)

- May 17-
  November 8, 2018    Plaintiff submits corrections to defendant descriptions. (Doc. Nos. 28-30.)

- December 5, 2018    Service of Amended Complaint ordered on defendants using corrected descriptions. (Doc. No. 31.) Salt Lake County ordered to disclose information to help identify defendants by name. (Doc. No. 32.)

- December 18, 2018   Summonses returned unexecuted, marked "HR Div. refused to accept service w/o full name of employee[s] + time of employment." (Doc. No. 34.)

- March 20, 2019      Order requiring Salt Lake County to "respond with any information in its possession that would help the Court effect service on these defendants. The County must search any records that would help it identify these defendants based on service provided, dates worked and identification numbers." (Doc. No. 36.)

The Court has not since heard from Salt Lake County. Plaintiff continues to request service on defendants based on the limited information he has provided. He has not--since November 8, 2018--provided further information to better identify the defendants and allow successful service of process.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). The Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating, though Rule 41(b) requires defendant file motion to dismiss, Rule has long been construed to let courts dismiss actions *sua sponte* when plaintiff fails to prosecute or

comply with orders); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when prolonged and unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Thus, the Court must determine if the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (§ 1983 case), and "it is not necessary that a claimant know *all* of the evidence

ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations here, the Court concludes that Plaintiff's claims probably would be barred as untimely if refiled after dismissal. Plaintiff's claims appear to arise from alleged events occurring in 2013-14. And it is now May 2019. Thus, a dismissal here would likely operate as a dismissal with prejudice.

When the dismissal is effectively with prejudice, this Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)--namely, "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. *DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991). The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The Court now considers the factors as follows:

Factor 1: Degree of actual prejudice to Defendant. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (concluding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

Reviewing this case's docket, the Court recognizes that Plaintiff's neglect to provide better information to identify defendants and facilitate service has not directly prejudiced defendants themselves (whoever they may be) in having to file responses. However, the neglect over several years may prejudice Salt Lake County (defendants' employer) as it has had to assess two sets of summonses so far; and, if defendants could ever be identified, those defendants would be prejudiced by the aging claims here with fading witness memories and less reliable evidence as time wears on. *See Saucier v. Camp Brighton Prison*, No. 13-15077, 2016 U.S. Dist. LEXIS 77331, at *9 (E.D. Mich. Apr. 26, 2016) (report and recommendation) ("[E]ven if the defendants were to be identified as this point, the two-year lapse of time since the filing of this matter and an even longer period since the underlying facts at issue arose, has likely adversely impacted the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence potentially necessary for a robust defense. This likelihood of

compromised evidentiary value increases the risk of prejudice to the still-to-be-named defendants."), *adopted by*, 2016 U.S. Dist. LEXIS 76973 (June 14, 2016).

This factor weighs in favor of dismissal.

Factor 2: Amount of interference with judicial process.

In *Saucier*, similar to here, "rather than specifying their identities, plaintiff named the defendants in her complaint only by institutional categories and generic titles." *Id*. at *2. There, as here, "[t]he United States Marshals Service attempted service using the noted descriptors, but the same was returned unexecuted." *Id*. Likewise, this Court also gave Plaintiff plenty of time--over three years--to find enough information to make service of process possible. *Id*. at *2-4. *Saucier* pointed out that, ultimately, "fault lies with the plaintiff for her failure to identify and cause proper service on the defendants." *Id*. at *8. Of course, the court there recognized that "it would be a stretch to suggest that plaintiff's conduct was calculated to 'thwart judicial proceedings'" but still stated that "it is not altogether inaccurate to characterize plaintiff's inaction to be in reckless disregard of its effect on these proceedings – including decreasing judicial economy." *Id*. at *9; *see also Villeco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017) (determining plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss"); *Taylor v. Safeway, Inc.*, 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under *Ehrenhaus* when "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders").

Likewise here, Plaintiff's failure to prosecute this case--i.e., failure to provide defendant descriptions that would allow successful service of process--necessarily interferes with effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's neglect to provide better descriptions has caused the Court and staff to spend unnecessary time and effort. The Court's frequent review of the docket and preparation of orders to move this case along have increased the workload of the Court and taken its attention away from other matters in which parties have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006). This case has "ground to a halt" because of Plaintiff's neglect to identify defendants in a way that would make successful service of process possible. *See Taylor*, 116 F. App'x at 977.

This factor weighs toward dismissal.

Factor 3: Litigant's culpability. Proof of culpability may be drawn from Plaintiff's failure to provide better descriptions. *See Saucier*, 2016 U.S. Dist. LEXIS 77331, at *8-10 (calling plaintiff's failure to adequately identify defendants " reckless disregard of its effect on these proceedings"); *cf. Villecco,* 707 F. App'x at 534 (stating plaintiff greatly interfered with judicial process by not, among other things, listing any fact witnesses); *Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff solely responsible for not updating address and responding to show-cause order); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court

ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months.").

In the more than three years since the Complaint was filed, Plaintiff has still not provided adequate defendant descriptions. *See Banks*, 680 F. App'x at 724.

This factor weighs in favor of dismissal.

Factor 4: Whether Court warned noncomplying litigant that dismissal was likely sanction.

In *Faircloth*, the Tenth Circuit affirmed the district court in dismissing with prejudice after the district court had twice warned plaintiff that failure to comply could result in dismissal. *Faircloth*, 2018 U.S. App. 36450, at *7; *see also O'Neil v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

Here, the Court also set forth the expectation of what is required of a plaintiff's complaint--i.e., specifying *who* did *what* to *whom*, (Doc Nos. 15 & 19)--and warned of dismissal if that expectation was not met, (Doc. No. 19, at 2). The Court has shown great patience toward Plaintiff during more than three years of Plaintiff's "reckless disregard" of supplying enough information to allow service of process. *See Saucier*, 2016 U.S. Dist. LEXIS 77331, at *9. Based on the Court's guidance and warnings, Plaintiff should have realized that the Court's patience would wane eventually.

This factor weighs in favor of dismissal.

Factor 5: Efficacy of lesser sanctions.

Also in *Saucier*, dismissal was approved when "the Court already utilized less drastic measures in an effort to coax plaintiff into compliance when it issued plaintiff an extension of

8

time to identify defendants, and subsequently issued two separate Orders to Show cause," but still "none of the Court's efforts [were] availing." *Id*. at *10. The Tenth Circuit said that "[a] lesser sanction [than dismissal] would be ineffective because [for instance] a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Villecco,* 707 F. App'x at 535; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules. . . . Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc*., 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a *pro se* party, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3; *see also Callahan v. Commun. Graphics, Inc.*, 657 F. App'x 739, 743 (10th Cir. 2016) (unpublished) ("'The Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status.'") (citation omitted)); *Saucier*, 2016 U.S. Dist. LEXIS 77331, at *10 ("'[D]istrict courts should be especially hesitant to dismiss for procedural deficiencies where . . . failure is by a *pro se* litigant'"; still, "*sua sponte* dismissal may be justified by a plaintiff's 'apparent

9

abandonment of [a] case.'" (citations omitted) (alteration in original)). On the other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009) (unpublished); *cf. Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) ("Because Riviera had filed for bankruptcy, a financial sanction was out of the question.").

Again, dismissal is a drastic sanction, but the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. *See Meade v. Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

Applying these principles, the Court concludes that no sanction less than dismissal would work here. First, though Plaintiff is *pro se*, he is not excused from neglect. *See Green,* 969 F.2d at 917. Second, Plaintiff has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because Plaintiff stopped, back on November 8, 2018, even trying to provide further information to try to better identify the defendants. Third, the Court has given Plaintiff more than three years to do what it takes to move this case forward--i.e., better identify defendants. Fourth, to no avail, but in a wholehearted effort to give Plaintiff every benefit of the doubt, the Court has issued three separate orders to Salt Lake County using Plaintiff's information to try to get service done.

Dismissal is warranted in this case in which "[P]laintiff has apparently abandoned this case by "repeatedly failing to comply with orders of the Court and by otherwise failing to provide the Court with the names and addresses of the defendants." *Saucier*, 2016 U.S. Dist. LEXIS 77331, at 10-11; *see also Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13 ("It is apparent that Plaintiff is no longer [adequately] interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.").

## CONCLUSION

Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Plaintiff's lack of responsiveness here, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED with prejudice. This action is CLOSED.

DATED this 13th day of May, 2019.

BY THE COURT:

JUDGE TED STEWART
United States District Court